**STATE**

v.

**John KOBANI.**

No. 89–451–C.A.

Supreme Court of Rhode Island.

April 19, 1990.

James E. O'Neil, Atty. Gen., Jane McSoley, Sp. Asst. Atty. Gen., Jeffrey Greer, Asst. Atty. Gen., for plaintiff.

Richard Casparian, Barbara Hurst, Public Defenders, for defendant.

## OPINION

PER CURIAM.

On April 2, 1990, the defendant, John Kobani, by his counsel, appeared before this court to show cause why his appeal from a conviction by a Superior Court jury on a charge of entering a dwelling house with intent to commit larceny should not be summarily dismissed. The issue before us is whether the trial justice erred when he refused to respond to an inquiry posed by the jury in the midst of its deliberations. Neither counsel for the state nor the accused was present when the trial justice responded to an inquiry by the jury about where the defendant resided. He informed the jurors that evidence about the defendant's residence had not been produced at trial. Consequently he declined to furnish the requested information. Neither the state nor defense counsel was in a position to object to the communication because the trial justice neglected to reveal the exchange to either until he was considering a motion for a new trial.

■ It is unquestioned that in this state a defendant has a right to be present when the trial justice gives the jurors additional instructions after they have retired for deliberations. *State v. Sciarra*, 448 A.2d 1215 (R.I.1982). In *Sciarra* this court found an ex-parte instruction reversible error not because it was incorrect but because the defendant had not been given the opportunity to be heard first. There, as in this case, the trial justice declined to give the jury the requested information.

■ It should be pointed out, however, that in *Sciarra* the jury was seeking information that had been part of the testimony presented at trial. But here the information sought was neither part of the testimony nor part of the record. Consequently there was no other response that the trial justice could have supplied.

The only reference made to defendant's residence came when a white hotel or "White Rock Motel" was mentioned. There was no evidence concerning its location.

The record indicates that the property owners returned to their Burrillville home on the night of July 4, 1987, to find the front door ajar. The intruder was still in the house. The wife left the premises to call the police while her husband waited at the house. After hearing footsteps in the woods, the husband, who was armed with a BB gun, gave chase and apprehended Kobani just before he reached his car.

When the police arrived, Kobani stated that he had left the car to attend to his personal needs while he was within the shelter of the woods.

It is our belief that the trial justice's unauthorized colloquy with the jury was harmless error beyond a reasonable doubt.

The defendant's appeal is denied and dismissed. The judgment of conviction is affirmed.